Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At the time of the alleged incident, there was an employment relationship between the plaintiff and the defendant.
2. The North Carolina Industrial Commission has jurisdiction over this claim.
3. The plaintiff's average weekly wage was $456.65, yielding a compensation rate of $304.45.
4. Defendant's Exhibits 6,7 and 8 were erroneously omitted from the transcript and hereafter shall be included as a part of the record in this case.
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. The plaintiff began working with the defendant as a correctional officer in July 1990. As part of her duties in 1995, the plaintiff was required to carry a clock, keys and a radio weighing at least five pounds to make her "rounds" at different stations at the institution. She would make her rounds to nine different stations at the beginning of an eight-hour shift, using the key and punching the clock at each station. This initial round took approximately thirty to forty minutes. She would then return inside and perform other duties for approximately two hours, and then make another shorter round to four different stations carrying the equipment. Throughout the remainder of a normal workday, she alternated working inside and making the short rounds.
2. In September 1995, the plaintiff began having pain up the left side of her neck, arm and through her shoulder blade to her back.
3. On 7 October 1995, the plaintiff was treated at Kernersville Immediate Care for this complaints. The plaintiff did not report the problems or medical treatment to the defendant at that time, but took two weeks of vacation. After she returned to work, she continued to have the problems, so she returned to Kernersville Immediate Care on 20 November 1995 where she was diagnosed with costochondritis. The doctor there recommended that she avoid heavy lifting for two months. The plaintiff then reported the problem to the defendant.
4. On 18 December 1995, the plaintiff saw Dr. Mark W. Roy, a neurosurgeon, with complaints of left shoulder and left sided pain, with pain across both shoulder blades. Dr. Roy had previously treated the plaintiff until March 1995 for back problems. On the 18 December 1995 visit, Dr. Roy noted that the plaintiff was attending physical therapy upon the recommendation of the doctor at Kernersville Immediate Care. He released her to light duty work pending completion of her physical therapy.
5. Dr. Roy saw the plaintiff again on 24 January 1996, noting that she had completed physical therapy and had done well, but still had some complaints in the left side. He allowed her to return to light duty with no cold weather exposure and no carrying the clock.
6. Dr. Roy last saw the plaintiff on 20 May 1996. He noted that the plaintiff had not returned to work because the defendant could not accommodate her restrictions. He also noted numbness in her calf and foot, apparently from a prior injury. At that time, the plaintiff was able to return to her regular job, but Dr. Roy recommended against any work greater than light duty and no lifting over fifty pounds.
7. For various administrative reasons, the plaintiff did not return to work with the defendant. Instead, she resigned from her job with the defendant in September 1996.
8. Dr. Mark Yates performed an independent medical evaluation of the plaintiff on 20 March 1997, at which time her exam was normal with no complaints of tenderness or pain.
9. Costochondritis is an inflammatory condition that occurs between the breast bone, called the sternum, and one of the ribs. It is usually caused by a suspected viral illness or a post-traumatic incident or direct trauma to the chest wall.
10. Dr. Roy did not diagnose the plaintiff with costochondritis, but stated that that diagnosis is not inconsistent with the plaintiff's symptoms. He testified that the plaintiff's work in cold weather carrying a time clock could have caused her symptoms.
11. There is no evidence to establish that the plaintiff's employment with the defendant exposed her to a greater risk of contracting these problems than the public generally.
12. The plaintiff did not prove that her symptoms were the result of an occupational disease which was due to causes and conditions which were characteristic of and peculiar to her employment with the defendant and which excluded all ordinary diseases of life to which the general public was equally exposed.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The plaintiff did not establish the problems which are the subject of this claim are the result of an occupational disease under the North Carolina Workers' Compensation Act. N.C.G.S. § 97-53(13); Booker v. Medical Center, 297 N.C. 458,256 S.E.2d 189 (1979); Rutledge v. Tultex Corp., 308 N.C. 85,301 S.E.2d 359 (1983).
2. The plaintiff's claim is therefore not compensable under the North Carolina Workers' Compensation Act. N.C.G.S. § 97-1 etseq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. The plaintiff's claim must be, and the same is therefore, DENIED.
2. Each side shall pay its own costs.
This the ___ day of August 1998.
 S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ______________________ CHRISTOPHER SCOTT COMMISSIONER
S/ ______________________ DIANNE C. SELLERS COMMISSIONER